IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-01645-CMA-STV

DAVID SCHOTT,

    Plaintiff,

v.

UNIVERSITY OF DENVER,
VIVA MOFFAT, and
CESAR CUAUHTEMOC GARCIA HERNANDEZ,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE PORTIONS OF REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY**

---

This matter is before the Court on Plaintiff David Schott's Motion to Strike Portions of Reply Brief or, in the Alternative, for Leave to File a Sur-Reply ("Motion to Strike"). (Doc. # 80.) For the following reasons, the Motion is granted in part and denied in part.

### I.    BACKGROUND

This is an employment case arising from the University of Denver's ("DU") alleged mishandling of Title IX allegations against Mr. Schott and DU's decision to not renew his faculty teaching appointment. In his Amended Complaint, Mr. Schott asserts 12 claims including discrimination and retaliation under Title IX; violation of the Colorado Wage Claim Act; breach of contract; promissory estoppel; unequal pay in violation of

the Colorado Equal Pay for Equal Work Act ("EPEWA"); gross negligence relating to DU's Title IX policies and procedures; tortious interference; and defamation *per se*. (Doc. # 48.) On June 23, 2023, Defendants moved for summary judgment on all of Mr. Schott's claims. (Doc. # 68.) Mr. Schott filed his Response on July 28, 2023 (Doc. # 74), and Defendants filed their Reply on August 11, 2023 (Doc. # 79).

On August 18, 2023, Mr. Schott filed the instant Motion to Strike portions of Defendants' Reply on the basis that the Reply improperly raises three new arguments. (Doc. # 80.) In the alternative, Mr. Schott requests leave to file a sur-reply. (*Id.*) Defendants filed a Response opposing the Motion to Strike (Doc. # 82), and Mr. Schott followed with his Reply (Doc. # 87). The matter is now ripe for review.

## II.     **LEGAL STANDARD**

Generally, a non-moving party should be given an opportunity to respond to new arguments raised for the first time in the movant's reply, or the Court should consider the new arguments waived. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."). The Tenth Circuit has explained that consideration of issues raised for the first time in a reply brief "robs the [non-moving party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Thus, when new arguments are inserted into a reply, a court "may avoid error by (1) choosing not to rely on the new arguments in determining the

2

outcome of the motion; or (2) permitting the nonmoving party to file a surreply." *E.E.O.C. v. Outback Steak House*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2006). District courts within the Tenth Circuit have also granted motions to strike arguments raised for the first time in a reply. *See Hubbard v. Nestor*, No. 16-cv-00444-CMA-STV, 2019 WL 339823, at *1 (D. Colo. Jan. 25, 2019).

### III.   DISCUSSION

Mr. Schott argues that Defendants raise three new arguments in their Reply concerning his retaliation, pay discrimination, and defamation claims. Specifically, Mr. Schott objects to Defendants' arguments that (1) Mr. Schott's retaliation claim must fail because he has no evidence that Law School Dean Bruce Smith was aware of his July 3, 2020 discrimination complaint; (2) Schott has not established a prima facie pay discrimination claim under the EPEW; and (3) Mr. Schott's defamation claim must fail because the alleged defamatory report was disseminated to faculty, not a third party, and is subject to qualified privilege. (Doc. # 80 at 3.) Mr. Schott asks the Court to strike these purportedly new arguments or, in the alternative, permit him to file a sur-reply to adequately respond to them.

### A.   RETALIATION CLAIM

The Court begins with Mr. Schott's motion to strike Defendants' argument that Mr. Schott cannot prove his retaliation claim because he has not shown that Dean Smith was aware of Mr. Schott's July 3, 2020 discrimination complaint. In their Motion for Summary Judgment, Defendants cite the relevant standard for establishing a retaliation claim under Title IX and argue that with respect to Dean Smith's decision to

3

not reappoint Mr. Schott, Mr. Schott "has no evidence that but for his complaints, Dean Smith would have reappointed him to a seven-year term." (*Id.* at 17.) Defendants note (1) in reaching his nonrenewal decision, Dean Smith purportedly relied on concerns about Mr. Schott raised by two faculty review committees, and (2) there is no comparator evidence showing that other faculty members who had not complained of discrimination were treated more favorably than Mr. Schott. (*Id.* at 17–18.)

In his Response, Mr. Schott clarifies that his retaliation claim is based only on Dean Smith's nonrenewal decision and argues that there is sufficient evidence to support a causal connection between the nonrenewal and Mr. Schott's discrimination complaints. (Doc. # 74 at 25–26.) Mr. Schott notes that he had made his discrimination complaint on July 3, 2020, and Dean Smith made his nonrenewal decision sometime before August 31, 2020. (*Id.* at 26.) Accordingly, Mr. Schott contends that the time period of less than two months between the alleged protected action and retaliatory employment decision is enough to support an inference of causation. (*Id.*)

In their Reply, Defendants again argue that there is insufficient evidence to support a "causal link" between Mr. Schott's discrimination complaints and Dean Smith's nonrenewal decision. (Doc. # 78 at 8.) Among other points, Defendants state that "Schott has no evidence that Dean Smith, the decision-maker, ever learned of his July 3, 2020 letter to EOIX—a fatal evidentiary defect." (*Id.* at 9.)

Having carefully reviewed the summary judgment briefing, the Court agrees with Mr. Schott that the issue of Dean Smith's knowledge of the July 3, 2020 discrimination complaint was not explicitly raised in Defendants' Motion for Summary Judgment.

4

Therefore, the Court will permit Mr. Schott to file a brief sur-reply addressing *only* the matter of whether and when Dean Smith was aware of Mr. Schott's July 3, 2020 discrimination complaint.

**B.     PAY DISCRIMINATION CLAIM**

Next, Mr. Schott asserts that Defendants argue for the first time in their Reply that Mr. Schott cannot establish a prima facie pay discrimination case under the EPEWA. (Doc. # 80 at 4.) The Court disagrees.

In their Motion for Summary Judgment, Defendants cite the relevant EPEWA statute, which proscribes pay discrimination on the basis of sex for "substantially similar work, regardless of job title, based on a composite of skill, effort . . . and responsibility." (Doc. # 68 at 23) (quoting Colo. Rev. Stat. § 8-5-102). Defendants then point to comparison evidence of compensation paid to other female professors at DU and argue that Mr. Schott "cannot show that he has performed substantially similar work based on a combination of skill, effort, and responsibility." (*Id.* at 24–25.) Accordingly, Defendants state that his EPEWA claim "lacks merit." (*Id.* at 25.)

In his Response, Mr. Schott addresses only the elements of DU's affirmative defense that pay disparities between Mr. Schott and two female professors are attributable to the permitted factors under the EPEWA. (Doc. # 74 at 29.) Essentially, Mr. Schott argues that DU fails to establish several elements of this affirmative defense. However, Mr. Schott does not address DU's argument that he "cannot show that he performed substantially similar work based on a combination of skill effort, and responsibility." Accordingly, in their Reply, Defendants reiterate that Mr. Schott does not

5

show "that he expended equal skill, effort, and responsibility, and otherwise performed 'substantially equal work' relative to the female comparators" to establish a prima facie claim. (Doc. # 79 at 11.)

Having carefully reviewed the summary judgment briefing, the Court disagrees with Mr. Schott that Defendants first raised an argument against his prima facie EPEWA claim in their Reply. Defendants clearly moved for summary judgment on a lack of evidence that Mr. Shott "performed substantially similar work." (Doc. # 68 at 25.) Because this argument was raised in Defendants' original motion, the Court denies both Mr. Schott's motion to strike this argument from Defendants' Reply and his alternative request to file a sur-reply.

**C.   DEFAMATION CLAIM**

Lastly, Mr. Schott argues that Defendants assert for the first time in their Reply that Mr. Schott's defamation claim should be dismissed on the basis that the allegedly defamatory report "was not published to a third party but disseminated only to faculty . . . and that the Report is protected by qualified privilege." (Doc. # 79 at 14.) Again, the Court disagrees. In their Motion for Summary Judgment, Defendants plainly argue that Mr. Schott's defamation claim is "fatally flawed" for several reasons, the first of which is that the "report was circulated internally to the law school faculty, not externally to any outside third parties." (Doc. # 68 at 29.) Defendants devote an entire paragraph, with appropriate legal citations, to their argument that this element of the defamation claim is not met because the report was circulated only to the faculty and protected by qualified privilege. While it appears that Mr. Schott did not address this argument in his

Response, his failure to do so does not mean that Defendants' reiteration of the argument in their Reply renders it a "new" argument necessitating opportunity to respond. The Court therefore denies Mr. Schott's motion with respect to his request to strike the portion of Defendants' reply concerning his defamation claim.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff David Schott's Motion to Strike Portions of Reply Brief or, in the Alternative, For Leave to File a Sur-Reply (Doc. # 80) is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to Plaintiff's request to file a sur-reply as to the issue of Dean Smith's knowledge of the July 3, 2020 discrimination complaint. It is DENIED in all other respects.
- The Court grants Plaintiff leave to file a sur-reply, not to exceed three (3) pages, within seven (7) days of the date of this Order. The sur-reply shall be limited solely to addressing the issue of whether and when Dean Smith had knowledge of Plaintiff's July 3, 2020 letter.

DATED:  September 15, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge